STATE OF LOUISIANA *v.* JOHN W. CANADY and JOHN A. TRIMBLE, Surety.

Where the defendant was in custody at the time a bond for his release was given, neither he nor his security can be heard to gainsay the regularity of the proceeding. 13 An. 299; 14 An. 783.

The objection to the mode or manner of empanneling the Grand Jury comes too late after the first day of the term of the District Court. Act of 1857, p. 180, sec. 1.

APPEAL from the District Court of the Parish of Carroll, *Farrar,* J. *Goodrich & DeErance, B. D. & A. W. Roberts,* for defendant and appellant. *James Nolan,* for the State.

VOORHIES, J. The appellant, *John A. Trimble,* was surety on the forthcoming bond of the accused, *J. W. Canady.* He urges several grounds for the reversal of the judgment of forfeiture.

1. The authority of the sheriff to take the bond is questioned, on the ground that this power was not expressly delegated to him in the decree allowing and fixing the amount of bail.

As the defendant was in the custody of this officer at the time, and inasmuch as the execution of this bond in the presence of the latter secured the discharge of the former, the surety, as well as the principal on the bond, cannot now be heard to gainsay the regularity of the proceeding.

This doctrine is laid down in the case of *State* v. *Ansley,* 13 *A.* 299, and is reiterated in the case of *State* v. *Badon,* 14 *A.* 783.

2. The objection to the mode or manner of empanelling the Grand Jury, comes too late after the first day of the term of the District Court,—" All or any objections, which might or could be made on account of any defects or informality, which may have occurred, either in the formation, drawing or summoning of Jurors, or any other defect whatever in the construction of said Juries, shall be made on the first day of the terms of said District Courts, and not afterwards."—Act 1857, p. 180, sec. 1.

3. The appellant assigns as error that there were pending two proceedings against the defendant for the same offence, one by information and the other by indictment.

The first prosecution was for the offence of stabbing *D. S. Good,* with intent to commit murder; and, *Good* having died, an indictment was preferred for the crime of murder. The bail bond relates to the first prosecution, and concludes with the clause " not thence to depart until discharged by due course of law."

Both prosecutions refer to the same transaction. Their pendency, therefore, instead of being an objection to, is an additional ground for the forfeiture of the bond.

4. There is a mistake in the decretal part of the judgment of forfeiture, the name of the injured party being substituted for that of the surety. The error is patent on the face of the judgment itself, which states that *David S. Good* was stabbed by the accused,—that the accused was regularly called to stand his trial,—that he failed to appear,—and that the surety was then called upon to produce the body of his principal, the name of *John A. Trimble* being then correctly inserted.

The minutes of the court show that the judgment of forfeiture was rendered against the surety; and, indeed, this party is the only appellant in this cause,

We understand that the judgment of the District Court is against the surety, *J. A. Trimble*, who has, besides, placed that construction upon it by appealing. And, with that understanding, we will decree the affirmance of the judgment against the appellant.

Judgment affirmed.